IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL GEDDES and KARI GEDDES, individually and as parents and guardians of ANDREW GEDDES, a minor child,<br><br>       Plaintiffs,<br><br>vs.<br><br>U.S.A. UNITED STAFFING ALLIANCE, L.L.C. and EVEREST ADMINISTRATORS, INC.,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THE MOTION FOR ORDER OF DISMISSAL AND GRANTING IN PART AND DENYING IN PART THE MOTION FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:03-CV-440 TS |

This Matter is before the Court on Defendant Everest Administrators, Inc.'s ("Everest") Motion for Order of Dismissal of all Claims against Everest and for an Award of Fees.[1]  Everest claims that the Tenth Circuit has resolved all claims against Everest in its favor, and that Everest must therefore be dismissed from the case.  Everest also claims it is entitled to attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) because Plaintiffs and Defendant U.S.A. United Staffing

---

[1]Docket No. 58

1

Alliance, L.L.C. ("United Staffing") failed to recognize the "clear effect" of the Tenth Circuit decision.[2]

A status conference was held on September 2, 2008, wherein Everest claimed that they should be dismissed from the case pursuant to the Tenth Circuit's ruling. Plaintiffs opposed dismissal, and United Staffing indicated that it did not yet know whether the Tenth Circuit required Everest to be dismissed, due to the complex nature of the case. The Court encouraged Everest to participate in settlement before it ruled on the matter. Prior to settlement negotiations, however, Everest filed its Motion for an Order of Dismissal.

United Staffing filed a memorandum which opposed only the request for attorney's fees as to itself.[3] Plaintiffs requested and were granted an extension of time to file a response, which extension expired on October 6, 2008.[4] However, Plaintiffs have failed to file any response. For the reasons described below, Everest's Motion for an Order of Dismissal will be granted, and Everest's Motion for Attorney's Fees will be granted as to Plaintiff's only. Everest's Motion for Attorney's Fees as to United Staffing will be denied.

I. ORDER OF DISMISSAL

The Court granted summary judgment to Defendants on March 23, 2005, as to Plaintiffs' second and third causes of action, but denied summary judgment as to Plaintiff's first cause of action.[5] On May 4, 2005, the Court entered a Judgment in favor of Plaintiffs against Defendants on

---

[2]Docket No. 58 at 4.

[3]Docket No. 62.

[4]Docket No. 65.

[5]Docket No. 38.

2

the first cause of action,[6] and Defendants appealed. On appeal, the Tenth Circuit stated that "no circuit holds that a non-fiduciary such as Everest is liable under the terms of 29 U.S.C. § 1132(d)(2)."[7]

> As an independent, non-fiduciary, third-party administrator, Everest might still be liable . . . if the Geddesses had made claims against Everest individually, distinct from its role as United's agent. But they did not. Nor did the district court find any basis for personal liability against Everest. For these reasons, the money judgment [on the first cause of action] against Everest is reversed.[8]

The Court finds that, in light of the Tenth Circuit's decision in this case, Everest must be dismissed, and its Motion for a Order of Dismissal will be granted.

## II. ATTORNEY'S FEES

The Tenth Circuit has stated that the Court, in awarding attorney fees, is entitled to use its discretion in balancing five factors: (1) the degree of the parties' culpability or bad faith; (2) the ability of the parties to personally satisfy an award of attorney's fees; (3) whether an award of fees would deter future similar behavior under the same circumstances; (4) whether the parties requesting fees sought to benefit all participants of an ERISA plan or to resolve significant legal questions; and (5) the relative merits of the parties positions.[9] The request by Everest does not assert that any of

---

[6]Docket No. 42.

[7]*Geddes v. United Staffing Alliance Employee Medical Plan*, 469 F.3d 919, 931 (10th Cir. 2006).

[8]*Id.*

[9]*McGee. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 (10th Cir. 1992).

the factors weigh in their favor, merely that Plaintiffs and United Staffing failed to "recognize the effect of the judgments which were entered by this Court and the Tenth Circuit Court of Appeals."[10]

Pursuant to DUCivR 7-1, failure by Plaintiffs to respond to Everest's Motion "may result in the court's granting the motion without further notice." The Court will grant Everest's motion for attorney's fees as to Plaintiffs, and will grant Everest leave to file an affidavit in support of an award of fees.

However, the Court finds that it would be unreasonable and unjust to award Everest attorney's fees as to United Staffing. There is no evidence that United Staffing acted in bad faith in refusing to immediately accede to Everest's request at the status conference, nor has Everest provided any evidence that award of attorney's fees will provide a deterrent effect in similar circumstances. In short, Everest has provided no evidence that would support a finding by the Court that any of the factors weigh in favor of awarding attorney's fees as to United Staffing, and Everest's Motion for Fees, as to United Staffing, will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Everest Administrators, Inc.'s Motion for Order of Dismissal (Docket No. 58) is GRANTED. All claims against Everest are hereby dismissed with prejudice. It is further

ORDERED that Defendant Everest Administrators, Inc.'s Motion for Attorney's Fees is DENIED as to Defendant U.S.A. United Staffing Alliance, L.L.C. It is further

---

[10] Docket No. 59 at 4.

ORDERED that Defendant Everest Administrators, Inc.'s Motion for Attorney's Fees is GRANTED as to Plaintiffs.  Everest is directed to file an affidavit in support of an award of attorney's fees within 10 days of the date of this Order.

DATED   November 13, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge