IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL GEDDES and KARI GEDDES, individually and as parents and guardians of ANDREW GEDDES, a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STAFFING ALLIANCE EMPLOYEE MEDICAL PLAN; U.S.A. UNITED STAFFING ALLIANCE, L.L.C., a limited liability company; and EVEREST ADMINISTRATORS, INC., a Utah Corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT<br><br><br><br>Case No. 2:03-CV-440 TS |

This matter is before the Court on Plaintiffs' unopposed Motion for Summary Judgment and Motion to Enforce Judgment.[1]  Based on the arguments and supporting documents in Plaintiffs' Memorandum in Support and on Defendants lack of opposition, the Court grants the Motion.

---

[1]Docket no. 70.

## I. BACKGROUND

The facts of this case have been laid out by this Court and the Tenth Circuit. They need not be described again. Suffice it to state that in 2002, Andrew Geddes, a minor, suffered a severe and tragic injury. He was initially hospitalized at St. Mary's Hosptial in Grand Junction, Colorado, and later transferred to Primary Children's Hospital in Salt Lake City, Utah.

Michael Geddes father had insurance coverage for the family through his employer United Staffing, which operated its own medical plan. United Staffing denied the Primary Children's claim because the Geddes' policy had a $2,500 annual limit on rehabilitative expenses, and it classified Andrew Geddes' stay at Primary Children as rehabilitative. This was due to the fact that the bill sent from Primary Children's to United Staffing used medical billing codes that classified some of the care Geddes received as rehabilitative. Primary Children's failed to classify the bulk of the items listed in the bill. The administrator employed by United Staffing saw that some of the items were classified as rehabilitative and classified Geddes entire stay at Primary Children's as rehabilitative. When the Geddes appealed the denial of the Primary Children's claim, the agents employed by United Staffing stood by the rehabilitation classification and asserted that the initial denial was in accordance with United Staffing policy.

The Geddes filed an ERISA claim with this Court. The Court, applying de novo review of United Staffing's denial of the claims, granted summary judgment to the Geddes and ordered that United Staffing pay the Geddes' attorneys' fees as permitted under ERISA. United Staffing appealed.

The Tenth Circuit held that the arbitrary and capricious standard of review should have been used by this Court and, consequently, the Court should not have considered evidence outside of the closed administrative record—which the Court had done in ruling on the Primary Children's claim.[2] The Primary Children's claim was reversed and remanded. This Court was instructed to apply the arbitrary and capricious standard.[3] However, the Tenth Circuit affirmed this Court's ruling regarding the St. Mary's claim.[4] Lastly, the Tenth Circuit held that Everest Administrators, Inc., was merely an agent of United Staffing and did not exercise discretion in its administration.[5] The claims against Everest Administrators have subsequently been dismissed.

## II. LEGAL STANDARDS

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[6] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the

---

[2] *Geddes v. United Staffing Alliance Emp. Med. Plan*, 469 F.3d 919, 927-28 (10th Cir. 2006).

[3] *Id.* at 928.

[4] *Id.* at 929-31.

[5] *Id.* at 931-32.

[6] FED. R. CIV. P. 56(c).

[7] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

nonmoving party.[8] Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial."[9]

"The standard is somewhat modified in an unopposed motion for summary judgment."[10] "[I]t is improper to grant a motion for a summary judgment simply because it is unopposed."[11] "It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law. In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts."[12]

In reviewing United Staffing's denial of the Primary Children's claim, the Court applies an arbitrary and capricious standard of review. The Tenth Circuit's decision in this matter sets forth this standard.

> Under the arbitrary and capricious standard, our inquiry is limited to determining whether the plan administrator's interpretation of the ambiguous language was "reasonable and made in good faith." We will not substitute our own judgment for that of the plan administrator unless the administrator's actions are without any reasonable basis. We ask four questions derived from the principles of trust law:

---

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[9] FED. R. CIV. P. 56(e)(2).

[10] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006).

[11] *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F.Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[12] *Thomas*, 428 F. Supp. 2d at 1163 (citing *Lady Baltimore Foods*, 643 F.Supp. at 407).

4

(1) Is the interpretation the result of a reasoned and principled process? (2) Is it consistent with any prior interpretations by the plan administrator? (3) Is it reasonable in light of any external standards? And (4) is it consistent with the purposes of the plan? We answer these queries based on the administrative record.[13]

III. DISCUSSION

After considering the uncontested facts, arguments and supporting documents in Plaintiff's Memorandum in Support as well as the Tenth Circuit's decision and this Court's earlier decision in this matter, the Court finds that Defendants' decision to deny the entire Primary Children's claim was unreasonable under the standard described above. Consequently, the Court grants Plaintiffs' Motion for Summary Judgment on the Primary Children's claim and Orders that judgment be entered against Defendants in the amount of $81,657.55. This amount assumes that Defendants have already paid the policy's $2,500 limit for rehabilitative services. If they have not, then the judgment shall be augmented by the unpaid amount.

The Tenth Circuit decision did not address this Court's prior order that Defendants pay Plaintiffs' attorney's fees in this matter. The Court finds the reasoning from the prior decision is not altered by the subsequent history in this matter.[14] Consequently, it orders that judgment be entered against Defendants in the amount of Plaintiffs' reasonable attorney's fees incurred in bringing their ERISA claim.

---

[13] *Geddes*, 469 F.3d at 929 (internal citations omitted).

[14] *Geddes v. United Staffing Alliance Emp. Med. Plan*, 2005 WL 1414268, at 12 (D.Utah March 23, 2005).

Lastly, according to Plaintiffs, Defendants have not paid any of the St. Mary's claim. The Court need not issue a second Order on this matter, as it is clear that Judgment has been entered against the Defendants.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 70) is GRANTED. It is further

ORDERED that Plaintiffs submit an affidavit of attorney's fees within thirty days of this Order. The Clerk of the Court is directed to enter judgment against Defendants United Staffing Alliance Employee Medical Plan and U.S.A. United Staffing Alliance, L.L.C. and in favor of Plaintiffs. The Clerk is also directed to close this case.

DATED   November 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge